NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 15a0310n.06

Case No. 14-5447

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 01, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ANGEL GALICIA, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, COOK, and STRANCH, Circuit Judges.

**SILER**, Circuit Judge. Angel Galicia, a criminal defendant in a drug conspiracy case, challenges (1) the district court's jury instruction on conspiracy and (2) the admission of evidence regarding his coconspirator's activities after Galicia stopped participating in the conspiracy. Applying plain error review, we **AFFIRM** his conviction.

## I.

In 2010, law enforcement agents in Memphis began surveilling a suspected cocaine trafficker named Christopher Boyland. Agents soon discovered that Boyland was also trafficking marijuana, buying it from a group led by Juan Hernandez. Hernandez's right-hand man was Angel Galicia. Galicia himself soon became Boyland's direct supplier, providing him

with a load of marijuana on March 30, 2011. Two incidents are particularly relevant to this appeal.

First, in May 2011, agents watched Galicia and his associates deliver large quantities of marijuana to Boyland and his associates at a hotel in Arkansas. After the transaction and further surveillance, agents stopped Galicia at a bus station in Memphis. Galicia gave the agents permission to search his backpack and his rolling suitcase. The suitcase was empty, but had a strong smell of marijuana. The backpack contained $82,000 in cash, a little marijuana, and a drug transaction ledger. The agents seized the money, but let Galicia go.

Although agents continued to surveil the Boyland and Hernandez organizations through 2011, Galicia never reappeared.

Second, in December 2011, agents seized about 273 pounds of recently delivered marijuana from the Hernandez-Boyland operation. Galicia and several coconspirators were eventually arrested and charged in a one-count federal indictment for the marijuana trafficking conspiracy, 21 U.S.C. § 846. Galicia was tried alone in 2013. The jury found him guilty of conspiracy to distribute more than 100 kilograms of marijuana.

Galicia now challenges two aspects of his trial. His attorneys did not properly object to either of them.

## II.

First, Galicia challenges the jury instruction on conspiracy.

Before closing arguments, the district court gave the parties an opportunity to respond to the court's proposed jury instructions. Galicia's counsel asked the court to include Sixth Circuit Pattern Criminal Jury Instruction 14.05 ("Conspiracy to Violate the Drug Laws"), and then specified that subsection (3)(B)(4) was the part he wanted included. This subsection states:

(4) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

The court explained that it would add the second sentence from that subsection to the court's proposed instruction on conspiracy.

The government then requested to add language to the instruction from the Committee Commentary to Sixth Circuit Pattern Criminal Jury Instruction 3.03 ("Defendant's Connection to the Conspiracy"). The proposed instruction said: "Every member of a conspiracy need not be an active participant in every phase of the conspiracy, so long as he is a party to the general conspiratorial agreement. Participation in the conspiracy's common purpose and plan may be inferred from the defendant's actions and reactions to the circumstances."

Galicia's counsel was displeased with the government's proffered instruction. "Your honor," he said, "I would feel more comfortable just using [pattern instruction 14.05]." The district court then asked counsel if he had any particular objection to the government's proposed instruction. Counsel replied, "I mean, I think [the government's proposed instruction is] an accurate statement of the law. . . . Because it's an accurate statement of the law, I can't think of a specific objection." The district court then adopted the government's proposed instruction.

This appeal concerns the court's final instruction for the first element of conspiracy. As the jury instructions explained, the first element of conspiracy is: "that two or more persons conspired, or agreed, to commit the crime of possession of a controlled substance with the intent to distribute it, to wit marijuana."

The court's full instructions on this element follow, with the sentences adopted at the parties' request in italics:

> With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to possess with the intent to distribute a mixture and a substance containing a detectable amount of marijuana. This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. *Every member of a conspiracy need not be an active participant in every phase of the conspiracy, so long as he is a party to the general conspiratorial agreement. Participation in the conspiracy's common purpose and plan may be inferred from the defendant's actions and reactions to the circumstances.*
>
> However, mere presence at the crime scene is insufficient to show participation. Proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. *Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.* These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.
>
> What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to possess with the intent to distribute a mixture and substance containing a detectable amount of marijuana. And the connection of the defendant to the conspiracy need only be slight, if there is sufficient evidence to establish that connection beyond a reasonable doubt. This is essential.
>
> An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Under Federal Rule of Criminal Procedure 30(d), "A party who objects to any portion of the [jury] instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." "Merely proposing a jury instruction is insufficient to preserve an objection." *United States v. Semrau*, 693 F.3d 510, 527 (6th Cir. 2012).

- 4 -

The accuracy of a jury instruction is a question of law subject to de novo review. If a court fails to provide a requested jury instruction, we review only for an abuse of discretion. *United States v. Blood*, 435 F.3d 612, 623 (6th Cir. 2006). However, if the complaining party failed to properly object, then we may review only for plain error. Fed. R. Crim. P. 30(d).

> In the context of challenges to jury instructions, plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice. Reversal is only proper if the instructions, viewed as a whole, were confusing, misleading, or prejudicial and the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

*Semrau*, 693 F.3d at 528 (internal citations and quotation marks omitted).

The district court did not plainly err in adopting the instruction proposed by the government or in failing to adopt Pattern Instruction 14.05(3)(B)(4) in its entirety. As Galicia's trial counsel admitted at the charge conference, there was nothing legally inaccurate about the district court's instructions.

Galicia also proffers four "points of law" he says the court's conspiracy instructions omitted. We have considered each point, and found that each point was either included in the final instructions using slightly different wording, or expressed a point of law that would not have helped the defense.

### III.

Second, Galicia challenges the admission of evidence of his coconspirators' activities that happened after the agents stopped him and searched him in May 2011.

At trial, the government elicited testimony from the agents regarding the December 2011 seizure of 273 pounds of marijuana from Galicia's coconspirators. Galicia now says the evidence of the December 2011 drug seizure was both irrelevant and unduly prejudicial under the Federal Rules of Evidence and constituted a due process violation. *See* Fed. R. Evid. 401-

403.  Galicia's trial counsel did not object to the admission of this evidence.  Thus, even if there was error, we must disregard it unless it was a plain error affecting Galicia's substantial rights.  Fed. R. Crim. P. 52.  We find no error in the admission of this evidence.

First, the evidence of the December 2011 seizure was clearly relevant to the nature of the conspiracy.  Although the prosecution relied chiefly on wiretaps and visual surveillance to implicate Galicia, the December 2011 raid was the only physical seizure of drugs.  This marijuana shipment was direct evidence that Galicia and his associates were in fact trafficking marijuana.

Second, the evidence was not confusing to the jury or overly prejudicial because Galicia never made an affirmative showing that he withdrew from the conspiracy.  As Galicia concedes in his brief,

> Sixth Circuit law provides that "[w]here a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated; and its members continue to be conspirators until there has been an affirmative showing that they have withdrawn. *United States v. Rios*, 842 F.2d 868, 873 (6th Cir. 1988).

Galicia's concession is correct.  Withdrawal is an affirmative defense, and to wield this defense the defendant must show he "took affirmative action to defeat or disavow the purpose of the conspiracy."  *United States v. Lash*, 937 F.2d 1077, 1083 (6th Cir. 1991).  Mere cessation of activity is not withdrawal.  *United States v. Cox*, 565 F.3d 1013, 1016 (6th Cir. 2009).  Unless and until the defendant withdraws, he remains liable for the crimes of his coconspirators.  *Lash*, 937 F.2d at 1084.

If Galicia had evidence that he affirmatively withdrew from the conspiracy prior to the December 2011 seizure, it was his burden to bring it before the jury.  *Lash*, 937 F.2d at 1083.  He made no such attempt.  Nor does he suggest that such evidence exists.

Galicia argues that "the district court made a judicial finding that Mr. Galicia was not involved in the conspiracy after May [30,] 2011." More specifically, Galicia explains that

> the second addendum to the Presentence Investigation Report found that Mr. Galicia was not involved in the conspiracy after May of 2011. . . . Therefore, when the district court adopted the facts and information in the Presentence Report at sentencing, the district court made a judicial finding that Mr. Galicia was not involved in the conspiracy after May of 2011.

The second addendum to the presentence report notes that Galicia filed a clarification in which he claimed that "after his contact with law enforcement on May 30, 2011, he was no longer involved in the Hernandez drug trade organization." The authoring officer offered the following response: "The case file and testimony at trial does not appear to indicate that the defendant was involved in the trafficking of marijuana after May 30, 2011."

First, this post-trial annotation in the presentence report is relevant to neither (1) the admissibility of the December 2011 evidence nor (2) the ultimate question decided by the jury, i.e., whether Galicia was guilty of the drug conspiracy. Second, even assuming that the district court's adoption of the presentence report entailed a factual finding that Galicia was not seen by law enforcement after May 2011, as we have explained, cessation of involvement in the conspiracy does not amount to withdrawal from the conspiracy. *Lash*, 937 F.2d at 1083. Because Galicia remained liable for his coconspirators' acts in furtherance of the conspiracy, the contested evidence was neither irrelevant nor unduly prejudicial.

**AFFIRMED.**